JOHN D. PARK *v.* JNO. CLINE.

JOHN CLINE *v.* THOMAS WRIGHTSON.

JNO. D. PARK *v.* JNO. CLINE.

[Abstract Kentucky Law Reporter, Vol. 7—215, 218, 230.]

**Agreement of Record Between Parties.**

Where it is agreed between parties to a cause that no executions are to issue on certain bonds and by consent of parties is placed of record by the court, until certain questions are decided by the Court of Appeals in another case pending on appeal the parties are precluded from issuing any executions until the case is finally disposed of in the Court of Appeals. Such agreement when recorded by the court, becomes a judgment on order and no executions will issue until this court has finally ruled on a motion for a rehearing in the cause preceding before it.

**Release of Sureties.**

One who has signed a sale bond as surety may successfully defend where more than twelve months elapse from the maturity of the bond and no execution thereon is issued. In such a case the surety is released and it is the duty of the clerk to endorse on the execution that the surety is released.

APPEAL FROM CAMPBELL CHANCERY COURT.

September 19, 1885.

OPINION BY JUDGE PRYOR:

There are three appeals on this record, one of *Cline v. Wrightson & Park,* and two of *Park v. Cline,* based on different judgments.

The appeals will be considered together as they all involve in effect the same question or have arisen by reason of the liability

of Park as the surety of Wrightson on certain sale bonds. Executions were issued on these bonds and levied on the property of the appellant Park. The principal defense is that the parties fail to issue executions on the bonds for more than one year after their maturity, and another defense is that previous executions on the same bonds had, on motion of the appellant, been quashed. Executions had issued on these bonds prior to January, 1882, and also a rule to show cause why the bonds were not paid that had matured. On January 4, 1882, the appellants moved to quash the executions and the court overruled their motion, and previous to that time had also decided that their response to the rule was insufficient. Appeals were then prosecuted by both Wrightson and Park, the surety, from the judgments.

Wrightson and Park in order to prevent their property from being sold, through their attorney and by an arrangement with the attorney for Cline, the creditor, had the order entered in open court.

By consent of parties, including John D. Park, the further hearing of this cause upon the attachments herein against Thomas Wrightson and John D. Park, and their motion to quash executions and sale bonds is adjourned and continued until after the decision of the Court of Appeals upon the appeals of Wrightson and Park now pending in the Court of Appeals, and also by consent of all parties, including Park, the execution now in the hands of the sheriff of Campbell county against said Wrightson and Park upon sale bonds is to be rteurned by the sheriff without delay, and no other execution is to be issued upon any of said bonds against said Wrightson and Park until after the said decision of the appeals in the said Court of Appeals.

In May, 1883, both of the appeals were affirmed and in July following and before the mandate issued, executions were issued on the sale bonds and the executions were quashed on motion of the appellants. Various grounds were relied on in support of the motion and among them that the executions had issued in violation of the consent order.

From this judgment Cline has appealed. The record on this branch of the case shows nothing but the motion grounds and the order quashing the executions. Whether any evidence was or not adduced does not appear, but it is manifest that the motion to quash was sustained, on the ground that the executions were pre-

maturely issued, and if not, it was error to quash them. The consent order made at the instance of the parties by their attorney precluded the appellee from issuing any executions until the case was finally disposed of in this court, and although it reads "until after the decision of said appeal," its evident meaning was when finally disposed of by this court, and no mandate could have been issued until there was a final order.

The judgment of this court or its operation had been suspended by the petition for a rehearing and there was in fact no final termination of the case until the rehearing was overruled. If the judgment quashing the execution is final, we perceive nothing in the record upon which to have the motion or to sustain the judgment below, except the consent order already referred to, and perhaps the motion to quash should have been sustained on that ground. The appeals of Park and Wrightson present only one question of difficulty and this applies alone to Park. When the appellee was endeavoring to enforce the payment of the purchase-money and before any execution issued, twelve months had elapsed from the maturity of the first bond and although the security when ruled to appear and pay this debt did not interpose such a defense, still, the statute makes it the duty of the plaintiff in the execution or the clerk to indorse upon the execution in that state of case that the security is released. It is a defense or a release that the party issuing the execution must have entered.

The failure of the clerk to make such an entry was not in issue on the appeal here, and while the surety may have raised the question it was not incumbent on him to do so, and it is a duty made imperative on the party having the execution issued or the clerk issuing it.

After the lapse of twelve months from the time, the party is entitled to his execution upon any bond having the force of a judgment, without issuing an execution releasing the surety from all liability, the statute further providing that any execution thereafter issuing on the bond shall be endorsed. The fact that the appellant failed to make this defense in response to the rule when making other defense can not be relied upon as res adjudicata, as the release is required to be shown by those issuing the executions. It is contended by counsel for the appellant that the agreement of record was not binding on the parties, and that Cline, notwithstand-

ing his consent, could have issued his execution at any time. This consent order is as binding as the judgment of a court; as much so as an agreement by Cline that the executions might be quashed without a hearing. It is not necessary that an order entered upon the records of the court between litigants when made by consent should show a mutual benefit to the parties making it in order to make it valid. It is not in effect an agreement, but an order of court made by the consent of the party that is binding until set aside, or reversed. It is as much the action of the court as a consent judgment or an agreement to continue the case by the plaintiff when the continuance is ordered for the benefit of the defendant and at his instance. Nor is the consent order affected by sec. 20 of chap. 22, General Statutes, which provides that "no person shall be bound as a security of another by the act of an agent unless the authority of the agent is in writing signed by the principal."

While Park was only the surety of Wrightson in this case he was not made the surety by the consent order. He was already liable for the debt and was in court resisting his liability by reason of several alleged defenses. The court below had decided that he was not released from his original undertaking and his attorney relying upon the justice of his plea maintains the right of his client to be released and to prevent his property from being sold, made the court order by which the executions were stayed and the property of the surety released from the grasp of the sheriff until the defense of the surety could be determined by this court. It was to release the surety from the liability that the consent order was made.

The attorney had the right to consent that the case might be continued and certainly this could not be said to have placed upon the surety a liability other than that already existing. All that has been done is the consent of the plaintiff to uphold his executions until the defense was heard. It was an order that the attorney had the right to have entered and was for the benefit of the surety. The judgment in this case must be reversed and the cause remanded with directions to dissolve the injunction as to all the sale bonds but the first, and as to that, the injunction should be made perpetual.

Wrightson is liable for the entire debt and is liable for the costs so far as he is concerned. As between Park and Cline each party will pay his own costs in this court. Execution will go against Park

on all the bonds, but the first.   Cause remanded for proceedings consistent with this opinion.   The judgment on the appeal of Park and Wrightson are each affirmed as to Wrightson.

Judgment *affirmed.*

C. L. Raison, O'Hara & Bryan, for Park.

Nelson & Washington, C. J. Helm, for Cline.

[Cited, *Bradley v. Georgetown,* 118 Ky. 737, 26 Ky. L. 614, 82 S. W. 303.]