CASE 49—ACTION FOR SALARY—SEPTEMBER 30.

## Gorley v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. MUNICIPAL CORPORATIONS—REMOVAL OF PUBLIC OFFICER WITHOUT CAUSE.—Under section 2874 of the Kentucky Statutes, regulating the power of the Board of Public Safety over the police department of cities of the first class, that board has no right to remove a member of the detective force without charges heard and determined.

2. CONSTITUTIONAL LAW—SPECIAL LEGISLATION—ACTION FOR SALARY.—So much of section 2882 of the Kentucky Statutes as limits an action by a member or former member of the police force for his salary to six months, is unconstitutional as special and local legislation.

3. ACTION FOR SALARY BEFORE ADJUDICATION OF TITLE.—No action will lie against a municipality for accruing salary attached to an office from which the plaintiff has been removed, and into which another has been inducted, until the plaintiff's title to the office shall have been determined against the incumbent in a direct proceeding against him.

HENRY S. BARKER FOR APPELLANT.

1. The General Assembly is prohibited from passing special or local statutes of limitations. Ky. Const., 59, sub-secs. 5 and 29.

Gorley v. City of Louisville.

2. Special statutes of limitations contained in the charter of the city of Louisville. Secs. 2752 and 2882, Ky. Stats.

3. Section 2810 of Kentucky Statutes provided for the dismissal of members of the police force under the original act for the government of cities of the first class, and provisions of the Metropolitan police bill governing dismissal of policemen, may be found in the Kentucky Statutes, secs. 2874 to 2882.

4. Policeman's salary is payable monthly. Sec. 2884 Ky. Stat., and General ordinance approved Oct. 22, 1894. First biennial codification of ordinances, p. 22; second biennial codification, p. 39.

5. Officer unlawfully removed may recover his salary for the time he was so unlawfully removed, diminished by what he may have earned in the time and without reference to whether his place had been filled and his salary paid over to an unlawful incumbent. Mechem on Public Officers, sec. 865; Fitzsimmons v. Brooklyn, 102 N. Y., 536; Andrews v. Portland, 79 Me., 484.

H. L. STONE for appellee.

1. Board of Public Safety had power to remove Gorley without preferring charges against him. Ky. Stat., secs. 2810, 2874.

2. Cause for removal being shown by the deposition of Gorley himself, the action of the Board of Safety in removing him was not prejudicial.

3. The statute of limitations applicable to Gorley's case is not a violation of the Kentucky Constitution.

4. An office does not partake of the nature of a contract. Mechem on Public Officers, sec. 463; Conner v. N. Y., 2 Sandf., 355.

5. The city is not responsible for an act of its Board of Public Safety or any member thereof. Pollock v. City of Louisville, 13 Bush, 221; Greenwood v. City of Louisville, 13 Bush, 226; Mechem on Public Officers, secs. 850-851; Fitzsimmons v. Brooklyn, 102 N. Y., 536; Andrews v. Portland, 79 Me., 484.

H. L. STONE for appellee in a petition for a rehearing.

Kentucky Statutes, secs. 2752, 2882, 2884, 2874, 2815; Constitution, sec. 59, sub-sec. 5; State v. Fleming, 44 S. W. Rep., 758; Louisville School Board v. Supt. of Public Instruction, 19 Ky. Law Rep., 1350; L. & N. R. R. Co. v. Williams, 45 S. W. Rep., 229; Mechem on Public Officers, sec. 463; Conner v. New York, 2 Sandf., 355; Riffe v. Finsby, 45 S. W. R., 1046; Auditor v. Halbert, 78 Ky., 577; Cooley on Constitutional Limitations, p. 450;

Preston v. City of Louisville, 84 Ky., 118; Nichols v. City of Minneapolis, 2 Eng. & Am. Corp. Cases, 562; Holmes v. City of Mattoon, 111 Ill., —; people v. Wallace, 70 Ill., 680; Andrews v. Ramey, 70 Ill., 598.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellant in this action claims that he was unlawfully dismissed from the detective department of the police force of the city of Louisville, on the 31st day of August, 1896, without notice or trial, by the Board of Public Safety of that city; that he has been ready and willing to discharge the duties of his office ever since; but that he has been wrongfully deprived of the privilege of doing so; and he seeks in this action to recover his salary from the date of the alleged unlawful dismissal until the institution of this suit. Appellee denies the allegations of the petition, and in the third paragraph of its answer alleges that the plaintiff has been employed in other pursuits during the period for which he seeks to recover salary, and that the plaintiff had, for a large part of the time, by his voluntary acts, placed it out of his power to render any service for the appellee as a detective; and by the fourth paragraph it pleads the provisions of section 2882, Ky. Stats., limiting the time when actions of this character can be brought to six months from the date of the accrual thereof. The law and facts having been submitted to the court on the issues, the court rendered an opinion holding that appellant was entitled to notice of the charges against him, and was entitled to be present and heard at the trial thereof, and that he had been unlawfully dismissed from the police force, but further holding that the plaintiff's action for salary was barred by the limitation of six months fixed by the statute; and, in pursuance to this opinion, judgment was rendered dis-

missing appellant's petition, from which this appeal is prosecuted.

By the provisions of the act of March 23, 1894, known as the "Metropolitan Police Law," which was an amendment to charters of cities of the first class, the government of the police department and of the police force of the city of Louisville was vested in the Board of Public Safety, who are authorized and empowered by section 2 of that act (which is now section 2874 of the Kentucky Statutes), "to make, adopt and enforce rules, orders and regulations for the government, discipline, administration and disposition of the police department and police force and the members thereof. The board shall have power, and is authorized to adopt rules and regulations for the examination, hearing, investigation and determination of charges made or preferred against members of the said police force, but no member or members of the police force (except as provided in this chapter) shall be fined, reprimanded, removed, suspended or dismissed from the police force, until written charges have been made or preferred against him or them, nor until such charges have been examined, heard and investigated before said board, upon such reasonable notice to the member or members charged, and in such manner of procedure, practice, examination and investigation as the said Board of Safety may, by rules and regulations, from time to time, prescribe." It will be observed that the only exception in the statute of the necessity of notice and investigation is when a member of the force is voluntarily absent for five consecutive days, or is disabled by mental unsoundness. Section 2882, Ky. Stats., provides the causes for which stoppages of pay, suspensions, and dismissals from the force may be made, and further provides that "no action, suit or proceeding,

either at law or in equity, shall be commenced or maintained against the city, Board of Public Safety, or any member thereof, or against the mayor, or member or members of the general council, by any member or officer, or former member or officer of, or belonging to, the police force or department of said city, to recover or compel the payment of any salary, pay, money or compensation for or on account of any service or duty, or to recover any salary, compensation or moneys, or any part thereof, forfeited, deducted or withheld for any cause, or to restore or reinstate to the police force or department, any member or officer thereof, unless such action, suit or proceeding shall be commenced within six months after such cause of action shall have accrued." It is evident from these provisions of the statute that the Board of Public Safety exceeded their authority when they undertook to remove appellant from his office as policeman in the detective department, without charges, notice, or trial. All the authority given them in this matter is contained in the statute, and they are bound to follow literally the course pointed out therein when they undertake to sit in judgment upon, and discharge, one of the force, and they could not legally render a judgment against him in any other way. We are of the opinion that section 2882, Ky. Stats., which requires actions of this character to be brought within six months after the cause of action accrues, is in conflict with subsection 5 of section 59 of the Constitution, which provides that "the General Assembly shall not pass local or special acts concerning any of the following subjects or for any of the following purposes, namely: To regulate the limitation of civil or criminal causes." This provision of charters of cities of the first class, it seems to us, is both local and special,

as it applies locally only to cities of the first class, and specially only to members of the police department. The Constitution withholds from the General Assembly the power to legislate on the subject of or concerning special or local statutes of limitation, and, in our opinion, the six months limitation is clearly in conflict with the provision of the Constitution on this subject.

But a more serious question for the plaintiff is raised by the general demurrer filed by defendant. There is no allegation in plaintiff's petition that his title to the office in question has been determined in his favor by a competent tribunal, in a direct proceeding instituted for that purpose. This, in our opinion, is a necessary allegation to enable him to maintain this action, as he can not maintain an action against the city for alleged salary accruing subsequently to his removal if at the time of his removal another person was selected and appointed to fill the office, to whom the salary has been paid, until there has been an adjudication as to plaintiff's right, in a direct proceeding declaring him entitled to the office and his successor a usurper. This question has frequently been the subject of judicial construction. Judge Dillon, in his work on Municipal Corporations (3d Ed., section 831), says: "Where the salary or fees of an office of a municipal or public corporation may, like other debts, be recovered by an action at law against the corporation, this ordinarily is the remedy, and not mandamus; but, if the officer can not sue the corporation, he may, where entitled, compel payment by means of this writ, unless another is in possession under color of right, in which case the title to the office can not ordinarily be determined on mandamus or in any collateral proceeding." And in Selby v. Portland, 14 Or. 234 [12 Pac. 377], this identical

question was carefully considered. That was an action
to recover the amount of salary alleged to be due to the
plaintiff as chief of police, and for the salaries of five
other policemen, which had been assigned to him.    The
officers had been regularly appointed, and served their
time; and, while so serving, the mayor of the city dis-
placed them, and appointed others in their places.    The
action was brought to recover their respective salaries
from the date of their being displaced until the time of
the commencement of the action.    Judge Thayer, in the
opinion rendered in that case, said:   "It looks to me very
much as though a public confidence was abused in the
transaction, and that appellant and his assignors were
shamefully trifled with.    But it occurs to my mind that
they have neglected to take proper steps in the matter,
and have lost the remedy they could have invoked suc-
cessfully.    They might have commenced an action in the
nature of a *quo warranto* against the persons designated
to succeed them, and been reinstated in their positions.
*   *   *   I can not, however, believe that they can main-
tain an action therefor while other parties have kept
their places, have qualified as policemen, and are recog-
nized as such.    It seems very evident to me that their
right to the office would have to be judicially determined
in a proceeding before such action.    It may be said that
the action of the mayor and common council in the mat-
ter was a flagrant violation of the law and the rights
of these officials, but, nevertheless, other persons were
nominated in their places, confirmed by the common coun-
cil, took the oath, and were regularly inducted into their
places, and became officers *de facto* in their stead.    The
title of the office had to be tried, as preliminary to the
right of action for salary.  *   *   *   Courts will not en-

tertain a case in favor of a party to recover for the use
and occupation of real property against one who is in
possession thereof adversely, but remit such person to his
remedy by ejectment; and I think there would be less
reason for entertaining a case of the character of the
one in question than in that referred to. To allow an
officer in such a case to remain wholly passive for a num-
ber of years, and then bring an action to recover the
amount of his salary, which had been all the time accu-
mulating, without attempting to dispossess the incum-
bent, would result in a pernicious practice, and tend to
overturn a well-established rule of law regarding the trial
of the right to an office.   No precedent for such a course
has been furnished.   It has long been a mooted question
whether the payment of a salary to a *de facto* incumbent
would exonerate the government or political body for
the payment thereof to the *de jure* officer.   Numerous
authorities have been cited upon both sides of that ques-
tion, * * * but neither class of cases sanctions the
right of the *de jure* officer to recover the salary while
out of possession of the office, until he obtains a deter-
mination of a competent tribunal in favor of his title, in
a direct proceeding instituted for that purpose." And
the court proceeds to recite a large number of cases from
the courts of last resort, which it would be unnecessary
to refer to here, winding up with the conclusion that
"none of the cases referred to indicate that an action to
recover the salary of an office could be maintained
while occupied by a *de facto* officer, until the right to
the office has been determined by proper adjudication.
Such a determination could not properly be had in this
case, as it would determine the rights of parties not be-
fore the court.   It would be a determination that the

incumbents who succeeded the appellant and his assignors were intruders and usurpers, when they were not before the court. Upon this ground, the appellant was not entitled to recover, and the Circuit Court should have dismissed the complaint, instead of trying the case on its merits." This doctrine has been approved in the recent case of Lee v. Mayor of Washington, etc., in the Court of Errors and Appeals of Delaware, 40 Atl. 663. The reasoning and conclusions of these cases are manifestly sound, and, when applied to this case, prevent the appellant from maintaining this proceeding, if, as a matter of fact, the place from which he has been removed has been filled by a *de facto* officer, who has continued to draw the salary from that time. Although there is no case exactly in point on this question, so far as we know, in the adjudications of this court, the uniform practice has been, where there has been a dispute about the title to an office, that this question should be determined before the question of salary could be properly considered. The demurrer should have been sustained. For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.