'CASE 92—ACTION BY A. M. BRADLEY AGAINST THE CITY OF GEORGETOWN FOR SALARY AS TREASURER OF SAID CITY.—OCTOBER 7.

## Bradley v. City of Georgetown.

_APPEAL FROM SCOTT CIRCUIT COURT—JAMES E. CANTRILL, CIRCUIT JUDGE._

_JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED._

_ELECTIONS—CONTESTS—APPEAL—SALARY—FINAL JUDGMENT._

1. Under Civ. Code Prac., sec. 760, providing that on the filing of a petition for rehearing the judgment of reversal does not become final until the petition is overruled where a petition for rehearing was filed in an election contest for the election of a city treasurer after reversal of a judgment in favor

of the incumbent, the city was not bound to withhold payment of the incumbent's salary pending determination of such petition.

2. Ky. St., 1903, sec. 1596a, subsec. 12, regulating election contests, declares that on the production of a copy of the final judgment the successful party shall be permitted to qualify, or be commissioned, or a writ of new election shall be issued, as the judgment may require. HELD, that pending an election contest for the office of city treasurer, the city was entitled to regard the person holding the office under a certificate of election as the rightful incumbent, and to pay him the salary, and was therefore not liable to contestant, on it being subsequently determined that he was entitled to the office, for the salary paid to the incumbent while he held the office.

V. F. BRADLEY, J. F. ASKINS, FOR APPELLANT.

Our contention is that although the contest board decided that Wolfe, who was appellant's opponent, was elected city treasurer, this court on appeal reversed that decision and held that appellant was legally elected, that therefore appellant is entitled to the salary of the office during the time he was deprived of it by the unlawful occupancy thereof by Wolfe.

JAMES B. FINNELL, JR., CITY ATTORNEY FOR APPELLEE.

1. Wolfe having been adjudged the office of city treasurer by the contesting board and by the circuit court, and being in possession of, and discharged the duties of the office from January 1, 1902, until April 22, 1903, was, before the final judgment of May 4, 1903, paid for his services, $786.67, the salary allowed by law, we submit that the city can not be required to repay the salary to appellant.

### AUTHORITIES CITED.

I. B. Nall v. Coulter, Auditor; Civil Code, sec. 760; Cline v. Wrightson, 7 R., 215; Ky. Statutes (1903), sec. 12.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The appellant, A. M. Bradley, was elected treasurer of the city of Georgetown, Ky., at the general election in November, 1901. The canvassing board awarded the certificate to his opponent, George C. Wolfe. A contest before the

board of contest resulted in favor of Wolfe, as did also an appeal to the Scott circuit court. On appeal to this court, the judgment in favor of Wolfe was reversed, in December, 1902. A petition for rehearing was filed, which was overruled in April, 1903, at which time the mandate issued. Upon the filing of the mandate in the lower court, a final judgment was entered in favor of appellant, and he was then inducted into office, and has occupied it since. Wolfe occupied appellant's office for one year, three months, and twenty-one days. The salary, as fixed by law, is $600 per annum, payable monthly. During the time Wolfe was *de facto* treasurer, he was paid the sum of $786.67. He is now insolvent, and appellant instituted this action to recover from the city of Georgetown the salary paid to him during the period mentioned. The petition sets out the facts as herein narrated. A general demurrer was filed by the municipality, which was sustained by the court, and the petition dismissed. This judgment appellant seeks to reverse.

Counsel for appellant concedes that, in the case of Nall v. Coulter, Auditor, 117 Ky., 747, 78 S. W., 110, 25 Ky. Law Rep., 1891, all of appellant's case was decided adversely, except in this: he contends that after the case against Wolfe was reversed, in December, 1902, the municipality had no right to pay over to the incumbent the salary, and that he is entitled to recover so much of it as was paid after that time. To this we can not agree. The filing of the petition for rehearing within the time allowed by law suspended the issuance of the mandate, and the judgment of reversal did not become final until the petition was overruled. Civ. Code Prac., section 760; Cline v. Wrightson, 7 Ky. Law Rep., 215. Subsection 12, section 1596a, Ky. St., 1903, which regulates election contests, after prescribing the mode of contest and appeal, both

to the circuit court and court of appeals, contains the following: "On the production of a copy of the final judgment, the successful party shall be permitted to qualify, or be commissioned, or a writ of new election shall be issued, as the judgment may require. . . ." The final judgment meant by the statute, as applied to this case, is that entered by the circuit judge in pursuance of the mandate of this court, and it was upon production of a copy thereof that appellant was entitled to be inducted into his office, and from that time on to demand and receive the emoluments thereof. Until that time, Wolfe held the office under his certificate of election, and the city had the right to regard him as the rightful incumbent, and to pay him the salary.

The case of Nall v. Coulter, Auditor, is conclusive of appellant's whole cause of action, and the circuit judge properly dismissed his petition.

Wherefore the judgment is affirmed.