## Barney v. City of Ashland.

(Decided June 21, 1927.)

### Appeal from Boyd Circuit Court.

1. Municipal Corporations.—Evidence merely indicating policeman had taken drink of liquor without showing circumstances of act held insufficient to warrant removal from police force under Ky. Stats., sections 3137-3138-5, as taking of drink alone did not constitute "misconduct" or "violation of law" and was not expressly prohibited by rules of police force.

2. Officers.—Where rules adopted under statute definitely prescribe certain acts as coming within subject of statute governing suspension of officers, other acts relating to same subject, to warrant suspension, must be clearly within meaning of statute.

J. S. FULLERTON for appellant.

JOHN T. DIEDERICH for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

James A. Barney, a policeman of the city of Ashland, was dismissed from the service by the general council of the city on the charge of "drinking spirituous or alcoholic drinks on or about the 5th day of March, 1926."

On appeal to the circuit court, the action of the general council was sustained. From that judgment this appeal is prosecuted.

On the hearing in the circuit court the mayor, who preferred the charges, testified that at the noon hour, on March 5th, he went to the police station and while 3 or 4 feet from Barney smelled whisky on his breath. William Miller, who was present on the same occasion, testified that he, too, smelled liquor on Barney's breath. He admitted, however, that he had never seen Barney take a drink. On the other hand, several witnesses, who were with or near Barney at or near the time in question, testified that they did not detect the odor of whisky on his breath, and several of them stated that they had never, at any time, seen Barney take a drink.

Ashland is a city of the second class. Its charter provides for the appointment of policemen and firemen on the merit system, with power in the legislative branch of the city to suspend or dismiss them from the service after hearing on specific charges, with the right of appeal by the person found guilty, first, to the circuit court, and then to this court. Sections 3137 to 3138-5, Kentucky Statutes.

Section 3138-4, Kentucky Statutes, provides, in part, as follows:

"No member or officer of the police force or fire department shall be removed from the force or fire department, reduced in grade, or pay, upon any reason except inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the commissioners. Any person may prefer charges against an officer or member of the police force or fire department, which must be filed in the office of the mayor, who shall thereupon communicate said charges without delay to the other members of the said board. Said charges must be written, signed by the person making said charges, and must set out with clearness and distinctness each and every charge."

The rules and regulations governing the police force as prescribed by ordinance are very comprehensive and specific. They provide for reprimand, suspension, deduction from pay, or dismissal, according to the nature

and aggravation of the offense, for any of the following causes:

"(1)   Intoxication while on or off duty.
"(2)   Willful disobedience of orders.
"(3)   Indecent, profane, or harsh language.
"(4)   Disrespect to a superior.
"(5)   Unnecessary violence to prisoners or citizens.
"(6)   Leaving his beat without cause.
"(7)   Neglect to pay his just debts for necessities contracted while on the force.
"(8)   For immorality, indecency, or lewdness.
"(9)   Absence without leave.
"(10)   Lack of energy, or incompetency, mental or physical.
"(11)   For violation of any of the following General Rules and Regulations."

Under the heading, "General Rules," are 46 rules and regulations prescribing the duties of policemen and regulating their conduct under all sorts of conditions and circumstances.   One of these rules is as follows:

"(4)   No member of the police force shall willfully maltreat or use unnecessary violence towards a prisoner, or citizen, nor shall he sleep on his beat, nor be guilty of intoxication, nor, except in the immediate performance of his duty, enter any place in which any kind of intoxicating drink may be sold or furnished.   No liquor or intoxicating drink shall, upon any pretext, be introduced into the station house."

From the foregoing it will be seen that the grounds of removal, under the statute, are (1) inefficiency, (2) misconduct, (3) insubordination, (4) violation of law, (5) violation of the rules adopted by the commissioners; and that the rules in dealing with the subject of intoxicating liquors prohibit (1) intoxication while on or off duty, (2) the entering of any place in which intoxicating liquors are sold or furnished, except in the immediate performance of duty, (3) the introduction of intoxicating liquor into the station house.   It is not claimed that Barney was intoxicated, or that he entered any place where intoxicating liquors were sold or furnished or that he introduced any intoxicating liquor into the station house, or that he was guilty of any misconduct other

than the mere taking of a drink. As the rules do not make the taking of a drink a ground for suspension or dismissal, the case turns on whether the taking of a drink is "misconduct" or "a violation of law." We have frequently held that the taking of a drink of intoxicating liquor is not, of itself, a violation of law (Sizemore v. Commonwealth, 202 Ky. 273, 259 S. W. 337; French v. Commonwealth, 198 Ky. 512, 249 S. W. 761), so the question narrows down to whether it is "misconduct." As the statute makes "misconduct" or "a violation of the rules" a ground for suspension or removal, it is doubtless true that the rules are not exclusive.

However, where, as here, the rules deal with the conduct of policemen concerning a particular subject and definitely prescribe that certain acts concerning that subject will be grounds for suspension or removal, other acts relating to the same subject will not be regarded as grounds for suspension or removal unless they plainly amount to misconduct, within the meaning of the statute. Doubtless, it is the better practice for a policeman, who is charged with the enforcement of the law, not to drink at all, but it must be conceded that there are circumstances under which he may take a drink without being guilty of misconduct, within the meaning of the statute. It hardly can be said that it is improper or unlawful behavior for a policeman to take a drink of liquor, that he had seized in a raid, for the purpose of testifying as to its intoxicating qualities, or in the quiet of his own home to take a drink of liquor that he had acquired before prohibition went into effect or upon the prescription of a regular physician, for the treatment of a cold, the "flu," or other kindred diseases. That being true, we are constrained to the view that the mere taking of a drink by a policeman, without proof of circumstances showing that the act was unlawful or improper, is not such misconduct as will authorize his suspension or dismissal from the force in the absence of a rule so providing. It follows that appellant's removal was improper.

Wherefore the judgment is reversed and cause remanded, with directions to set aside the order of removal.