## City of Ashland v. Barney's Administrator.

(Decided December 3, 1929.)

JOHN T. DIEDERICH for appellant.

JOHN S. FULLERTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Ashland is a city of the second class. Its charter provides for the appointment of policemen and firemen on the merit system, with power in the legislative branch of the city to suspend or dismiss them from the service after hearing on specific charges, with the right of appeal by the person found guilty, first, to the circuit court and then to the Court of Appeals, provided the punishment be a suspension of more than 30 days, or a reducing the grade of an officer, or a removal or dismissal from the police force or fire department, but the statute declares that "the judgment of said board under such charges shall not be suspended pending said appeal." Sections 3137 to 3138-5, Ky. Stats.

After a hearing James A Barney, a policeman in the city of Ashland, was dismissed from the service by the general council on the charge of "drinking spirituous or alcoholic drinks on or about the 5th day of March, 1926." On appeal to the circuit court the action of the general council was sustained. On appeal to this court it was held that Barney's removal was improper, and the judgment was reversed, and cause remanded, with directions to set aside the order of removal. Barney v. City of Ashland, 220 Ky. 657, 295 S. W. 998.

Thereafter Barney brought this action against the city of Ashland to recover his salary during the time the removal was effective, although the salary was paid to another policeman who was appointed and served in his stead. During the pendency of the action Barney died, and the cause was revived in the name of his administrator. On final hearing judgment was rendered in favor of Barney's estate for the amount of the salary, subject to certain credits representing the amount of Barney's earnings during the time the removal was effective. The city appeals.

In reaching the conclusion that Barney's administrator was entitled to recover, the learned special judge declined to follow the cases of Kammerer v. City of Louisville, 142 Ky. 848, 135 S. W. 411, Gorley v. City of Louisville, 104 Ky. 372, 47 S. W. 263, 20 Ky. Law Rep. 602, and City of Louisville v. Ross, 138 Ky. 764, 129 S. W. 101, holding that an officer de jure cannot recover from a state, municipality, or county the salary attached to an office, if it appears that during the time sued for the office has been filled by a de facto officer who has been paid the salary; that in order to recover he must establish his right to the office by direct proceeding, and show that the salary has not been paid to another occupying the position; that, unless he can show these facts, his only remedy is against the usurper for the amount of salary collected by him. In deciding that these cases were not controlling, the judge based his conclusion on the fact that it was no longer necessary for the claimant to establish his right to the office by direct proceeding; that the only method available was by appeal, and this method was followed; that, though the order of removal was not suspended by appeal, the order could not become final until the decision on the appeal; that in the interim the city had no right to treat Barney's place as vacant unless there should be a final judgment sustaining the order of

removal; that it paid the de facto officer knowing that Barney was asserting his right to the office and salary in the only way that was open to him, and therefore could not escape liability to Barney, who, it was finally decided, was entitled to the office. That there is force in this reasoning cannot be doubted. It must not be overlooked, however, that under the rule prevailing in this state the claimant must not only establish his right to the office, but show that the salary for the period claimed was not paid to another. It is true that under the decisions referred to the right to the office had to be established by a direct proceeding, while under the statutes applicable to policemen the method of establishing his right to the office is by appeal. The only effect of the change is to substitute one method for the other, and the responsibility of the city is no greater than it is in a direct proceeding since, in either case, the city may anticipate an adverse decision. Indeed, the statute makes the case for the city all the stronger in providing that the order of suspension or removal shall not be suspended pending the appeal, thus making it necessary to fill the vacancy, and proper to pay the salary to the new appointee.

The rule that payment to a de facto officer is a defense to the de jure officer's claim for salary for the same period has for its basis the public interest, which is paramount to the rights of the officer. The exigencies of society require efficient performance of official duty, and prompt payment is necessary to such performance. Disbursing officers of municipalities are not clothed with judicial power to determine whether or not a person vested with the indicia of an office and performing its duties is in fact a de jure officer where there has been no judicial determination of that fact. To require the public authorities to withhold the pay of an incumbent or public officer until a judicial decision, or pay the same at the peril of having to pay a second time, would be a source of much embarrassment, and greatly tend to impair the efficiency of the public service. For these reasons the rule is not affected by the fact that the disbursing officers know that the right to the office is in litigation, 22 R. C. L. 543, or that the de facto officer is insolvent. In addition to the cases referred to, the general doctrine finds support in the following cases: Nall v. Coulter, 117 Ky. 747, 78 S. W. 1110, 25 Ky. Law Rep. 1891, 4 Ann. Cas. 671; Bradley v. Georgetown, 118 Ky. 735, 82 S. W. 303,

26 Ky. Law Rep. 614; Wagner v. City of Louisville (Ky.) 117 S. W. 283; Walter v. City of Paducah (Ky.) 123 S. W. 287; and accords with the great weight of authority as will appear from the annotation in 55 A. L. R. 997, following the case of Hittell v. Chicago, 327 Ill. 443, 158 N. E. 683, 55 A. L. R. 994.

For the reasons given the judgment is reversed, and cause remanded, with directions to dismiss the petition.