## Singery et al. v. City of Paducah et al.

(Decided Feb. 13, 1934.)

NUNN & WALLER and C. C. GRASSHAM for appellants.

W. V. EATON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

"In the exercise of its legislative power the board of commissioners of the city [of Paducah], on the 31st day of March, 1933, adopted a resolution reciting that the revenue of the city had sustained a substantial decrease and it was necessary to curtail the expenses of all departments, and thereby directed and empowered the mayor to decrease the number of men employed by the fire department by ten and to close two, or less, fire stations." And a similar resolution concerning the policemen of the city was adopted.

In carrying out these resolutions, certain members of the fire and police departments were discharged. In the City of Paducah v. Gibson et al., 249 Ky. 434, 61 S. W. (2d) 11, 13, we had before us the question of the discharge of the firemen and the right of the senior members to a mandamus requiring their reinstatement and

restoration in their several positions in the same department at the same wages and in the same relative order, rank, and standing held by each of them on March 31, 1933. It was our conclusion section 3137, Kentucky Statutes, controlled the city in carrying out the resolution of the legislative board, and "the mayor, the commissioners, and the city itself, were without authority to disregard that portion of the language of section 3138-3 providing for seniority and requiring 'the youngest members in point of service * * * to be reduced and returned to the eligible list,' " and that "their construction of the statute not only violates its own language but denies the legislative purpose therein expressed" and "while the city had the power to reduce the number of firemen, but in the exercise thereof, it was its duty to regard the statutes providing for seniority of the members" discharged under the resolution.

In the action in which the present appeal is pending, an agreed order was entered reciting the case be docketed and submitted and the decision therein be held suspended until this court decided the case of the City of Paducah et al., appellants, v. Bud Gibson et al., appellees. The judgment expressly "reserved the question as to their right to the salary that had accrued to each of" the officers since March 31, 1933, and to the date of their reinstatement and restoration.

The question thus reserved is now the sole question on this appeal, except the salary of the policemen as well as that of firemen, is now involved.

The dates of the several dismissals and reinstatements are not disputed. Hence, the only question presented for determination is one of law. It is agreed by the parties in their briefs that where a municipal officer is suspended in accordance with our statutes, pending an appeal from the order of dismissal, he is not entitled to recover the salary of the office after reversal where the office, during the period of removal, is filled by a de facto officer who had been paid the salary, and the payment of the salary to a de facto officer is a complete defense to the de jure officer's claim for salary against the city for the same period.

As sustaining this pronouncement, see Nall v. Coulter, 117 Ky. 774, 78 S. W. 1110, 25 Ky. Law Rep. 1891, 4 Ann. Cas. 671; Bradley v. Georgetown, 118 Ky. 735, 82 S.W. 303, 26 Ky. Law Rep. 614; Wagner v. City of

Louisville (Ky.) 117 S. W. 283; Walters v. City of Paducah (Ky.) 123 S. W. 287; Kammerer v. City of Louisville, 142 Ky. 848, 135 S. W. 411; City of Louisville v. Ross, 138 Ky. 764, 129 S. W. 101; Gorley v. City of Louisville, 108 Ky. 789, 55 S. W. 886, 21 Ky. Law Rep. 1606; City of Ashland v. Barney, 231 Ky. 835, 22 S. W. (2d) 255.

The acts of the city and its commissioners disregarding the seniority rule, as fixed by section 3138-3, and the discharging of the complaining officials, in violation of it, were void. City of Paducah v. Gibson et al., supra; Gorley v. City of Louisville, 104 Ky. 372, 47 S. W. 263, 20 Ky. Law Rep. 602; Gorley v. City of Louisville, 108 Ky. 789, 55 S. W. 886, 21 Ky. Law Rep. 1606; Wagner v. City of Louisville, supra; Kammerer v. City of Louisville, supra; City of Louisville v. Ross, supra.

Their discharge being void and it not appearing the roster was full or others have been appointed to fill their places, the rule that the officer illegally discharged must sue the usurper to recover the salary paid and to which he was entitled during the period of discharge, has no application. Their discharge being void, the roster as to them as it existed at the time of their discharge not being full and no one having been appointed to fill the vacancies created by their discharge, this case falls clearly within the rule stated in Gorley v. City of Louisville, supra, which was approved in Kammerer v. City of Louisville, City of Louisville v. Ross, supra, and Stone v. Board of Prison Commissioners, 164 Ky. 640, 176 S. W. 39, 41. In Stone v. Board of Prison Commissioners, it is written:

> "The rule announced in these cases is that when an officer has been wrongfully removed from office, and no one has been appointed to fill the vacancy caused by his removal, or to perform with compensation the duties of the office from which he was removed, he may by timely action recover his salary during the period covered by his wrongful removal; but when the vacancy caused by his removal has been filled, or some other person has been appointed with compensation to perform the duties of the office from which he was removed, his right to the salary, in an action against the city or state ends with the appointment of his successor."

Applying this rule to the case we have, it being conceded others have not been appointed to fill the vacancies caused by the removal of the complaining officers, to perform with compensation the duties of the offices from which they were removed, their action being timely, they are entitled to recover their respective salaries during the period covered by their wrongful removal. Their illegal suspension in the circumstances is in no sense equivalent to filling their offices. It was the duty of the city to allege and prove that after these officers were discharged, others were appointed and served in their stead and paid the salaries herein sought to be recovered. The city neither alleged nor attempted to show it had discharged this duty. Their salaries have not been paid to de facto officers during the period of their discharge. The same is yet in the treasury of the city, and it is liable to them therefor.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.