265 So.2d 154

**Victor EDMONDSON**

v.

**TUSCALOOSA COUNTY, Alabama.**

**6 Div. 120.**

Court of Civil Appeals of Alabama.

July 19, 1972.

Richard C. Shelby, Tuscaloosa, for appellant.

374

Skidmore, Skidmore, Crownover & Mountain, Tuscaloosa, for appellee.

WRIGHT, Presiding Judge.

Victor Edmondson was dismissed from his employment with the road department of Tuscaloosa County on June 1, 1970. He appealed his discharge to the Civil Service Board of Tuscaloosa County as provided by Act No. 357 as enacted by the Legislature of Alabama in the 1949 Regular Session. After hearing de novo, the Civil Service Board, hereinafter called the Board, set aside the discharge of Edmondson and entered instead an order for a 30 day suspension. Tuscaloosa County petitioned for a review of the hearing before the Board by the Circuit Court. Upon such review the Circuit Court reversed the Board, and directed the reinstatement of the original discharge. Edmondson now appeals to this court from the decree of the Circuit Court.

Edmondson was employed by Tuscaloosa County on April 1, 1969 and was discharged June 1, 1970 by verbal order of his superintendent. He subsequently was written a letter of discharge as follows:

"                                    June 1, 1970

"To: Victor Edmondson
Laborer, Construction Crew
Tuscaloosa County

"    You are hereby relieved of duty with Tuscaloosa County as of this date, due to ignoring the instructions of your superintendent and using profane & threatening language to said superintendent. The charges listed above took place in the presents (sic) of Mr. Cook, Kornegay, Edge, Banks, Hunt & Bobby Wilburn, on the morning of June 1, 1970.

"    We have tried to work you with the right of way crew, grading crew & surfacing crew and you failed to work with harmony in any of these crews, so it is therefore necessary to discharge you.

"                        s/  C. H. West, Jr.
                        C. H. West, Jr., Co. Engr.
                        s/  R. G. Yerby
                        R. G. Yerby,
                                Superintendent

"cc: Civil Service Board
     Board of Revenue
     Mr. Dollar
     File"

Section 10 of Act 357 as pertinent, is as follows:

"Section 10. Removals and Discharges. —The governing body of the county, any member of the governing body, or the head of any department or office can remove, discharge, or demote any employee, officer or official of the county who is subject to the provisions of this Act and who is directly under such governing body, member thereof, or department head, provided that within five days a report in writing of such action is made to the Board, giving the reason for such removal, discharge, or demotion. The employee shall have ten days from the time of notification of his discharge, removal, or demotion in which to appeal to the Board. The Board shall thereupon order the charges or complaint to be filed forthwith in writing and shall hold a hearing de novo on such charges. No permanent employee, officer, or official of Tuscaloosa County whose employment comes within the jurisdiction of this Act, and whose probationary period has been served, shall be removed, discharged, or demoted except for cause, and if such removal, discharge, or demotion is appealed to the Board, then the same will become final only after a hearing upon written charges or complaint has been had and after an opportunity has been given him to face his accusers and be heard in his own defense. Pending a hearing on said appeal, the affected employee may be suspended or demoted; and after such hearing the Board may order said employee reinstated, demoted, removed, discharged, or suspended, or take such other disciplinary action as in their judgment is warranted by the evidence and under the law."

After receiving the letter of June 1, 1970, Edmondson gave notice to the Board of his appeal. On 21 October 1970, a hearing of the appeal was held by the Board. It does not appear in the record of proceedings there how the hearing was set or arranged, but it does clearly appear that parties and witnesses were present together with attorneys and members of the Board.

The record indicates there had been no complaint or charges filed in writing as directed by Section 10 of Act 357 upon the day of the hearing. Apparently after discussion between the Board and counsel, it was agreed to waive formal written charges prior to holding the hearing. There was effort made to stipulate into the record what the charges were and which would be heard and later placed in writing in the record. However, there was immediate disagreement as to what charges could be properly heard. The County, in addition to the occurrence of June 1, 1970 as set out in the letter, wished to introduce evidence of other specific occurrences on other dates.

Appellant insisted that only the matter of June 1, 1970, referred to in the letter as the cause, could properly be heard. The Board allowed the County to dictate the matters desired to be charged into the record. Appellant objected except for the occurrence of June 1, 1970. The Board, speaking through the lawyer member, Mr. Harwood, stated that it would proceed with the case, allowing evidence of matters on occasions other than June 1, 1970, but subject to such matters being withdrawn from its consideration prior to final decision. Throughout the hearing, appellant objected to evidence of any acts other than that occurring on June 1, 1970.

After hearing extensive testimony relating to events of June 1, 1970 and other events going back into September 1969, the Board entered a decision setting aside the discharge of appellant and directing disciplinary action consisting of a 30 day suspension from June 1, 1970.

In its written decision, the Board stated that the cause was submitted upon the tes-

timony of the witnesses and exhibits as noted by the reporter, and after considerasion thereof, "Victor Edmondson is due to be reprimanded and disciplined to some degree for his conduct occurring on said date of June 1, 1970."

The decision of the Board was entered on 5 November 1970. Petition for review by the Circuit Court was granted on 13 November 1970. Final decree on review was entered by the Circuit Judge on 11 June 1971.

By said final decree the court set aside the decision of the Civil Service Board and rendered a decision discharging the appellant. There were two "findings" of the court which appear in its decree as follows:

"1. The Court finds from a study of the transcript that the final decision of the Board was unsupported by substantial evidence in the records submitted in that all of the evidence in said case warranted or justified the actions of Clarence M. West as County Engineer in discharging former employee Edmondson for insubordination as well as other acts of malfeasance on his part as an employee.

"2. The Court further finds that the ruling of the Board contains substantial error or injustice in that the Board in its considerations failed to consider several of the charges set forth in the formal written 'Statement of Charges' submitted by the aforesaid Clarence West as County Engineer against former employee Edmondson."

Appellant brings this appeal from the decree of the Circuit Court assigning as error that the decree is arbitrary and contrary to the authority granted the Court by Section 11 of Act 357.

Pertinent part of Section 11 appears as follows:

"Section 11. Review of Decision and Appeals.—Any party, including the County governing body, aggrieved by a final decision of the Board, is entitled to a review of such decision by filing a petition in the Circuit Court of Tuscaloosa County, Alabama, within ten days after such final decision is rendered. . . . Review by the court shall be without a jury and confined to the record, including a transcript of the evidence. . . . The court, upon a hearing of the petition, shall have power to affirm or reverse and render or to remand the matter to the Board for further proceedings consistent with the judgment of the court. However, the court shall affirm the decision of the Board unless it finds that the substantial rights of the petitioner have been prejudiced because the final decision of the Board was: 1) unsupported by substantial evidence in the record submitted; 2) in excess of the authority conferred by this Act on the Board; 3) violative of constitutional provisions; 4) arbitrary or capricious; or 5) affected otherwise by substantial error or injustice. An appeal may be taken from any final judgment of such court to the Court of Appeals of Alabama . . . ."

■ The quoted portion of the statute clearly delineates the scope of the review of the actions of the Board by the Circuit Court. Broad power has been given the Civil Service Board of Tuscaloosa County by Act 357. Section 6 of the Act declares the power of the Board in hiring, promoting, suspending and discharging. Section 11 makes clear that the discretionary actions of the Board in exercising the powers granted to it are not to be disturbed by the Circuit Court on review, but are to be affirmed unless the record discloses that substantial rights of the party seeking review have been prejudiced in one or more of the ways specifically stated. United Service Ins. Co. v. Donaldson, 254 Ala. 204, 48 So.2d 3. The review designated is in effect that of certiorari. Ex parte Bracken, 263 Ala. 402, 82 So.2d 629.

Section 10 of the Act provides for the removal and discharge of County employees. There is no authority for discharge except upon cause. If an employee is discharged by a supervisor, as was appellant, the Board

must be given notice in writing of the dismissal and the reason therefor. If the employee appeals to the Board within ten days, the charges against him must be filed in writing and a hearing held de novo. The following is a portion of Section 10:

". . . No permanent employee, . . shall be removed, discharged, or demoted except for cause, and if such removal, discharge, or demotion is appealed to the Board, then the same will become final only after a hearing upon written charges or complaint has been had and after an opportunity has been given him to face his accusers and be heard in his own defense. Pending a hearing on said appeal, the affected employee may be suspended or demoted; and after such hearing the Board may order said employee reinstated, demoted, removed, discharged, or suspended, or take such other disciplinary action as in their judgment is warranted by the evidence and under the law."

■ It is evident from the wording of Section 10 that the Legislature intended to give broad quasi-judicial power to the Board. Upon appeal by a discharged employee, sole authority to determine proper action in the case is given to the Board. It is not a question of sustaining the action of the official making the discharge. The hearing before the Board is upon the formal charges made by the discharging authority, but the hearing before the Board is entirely de novo and the Board is free to take such action as in its judgment is warranted by the evidence. If its discretionary judgment is supported by substantial evidence, there is no authority in the Circuit Court upon review to supplant such judgment with its own. Ex parte Bracken, supra.

■ The decree of the Circuit Court indicates that the court was under the impression that the issue was whether the action of the discharging official was to be sustained by the Board. Such was not the issue before the Board. When the appeal

was taken to a de novo hearing, the whole matter of the original discharge was laid to rest. Such previous proceeding was material only insofar as the charges made against the employee were concerned. Upon hearing before the Board, the only issue was whether there was evidence to support the charges. If there was evidence, it then became the prerogative of the Board to determine in its judicial judgment the punishment or discipline to be given. When rendered, such judgment must stand on review unless unsupported by substantial evidence, or unless arbitrary and unjust.

We said in Phelps v. Public Service Commission, 46 Ala.App. 13, 237 So.2d 499, the following:

"The basic question presented to the circuit court was whether there was any legal evidence before the personnel board to sustain its finding. The function of the court on certiorari is restricted to an examination into the external validity of the proceeding. When the court examines the evidence, it does so to determine whether the evidence will justify the finding of the lower tribunal. Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 176 So.2d 483."

It is not within the power of the court reviewing the record to supplant the judgment of the Board with its own as to the extent or severity of the punishment. The Board having heard the conflicting evidence sits in judgment as though it were a jury. Its finding is entitled to the same weight as that of a jury. Krieger v. Krieger, 276 Ala. 466, 163 So.2d 623.

■ Our review of the record reveals substantial evidence in support of the charge of insubordination as found by the Board. We cannot say that the judgment of the Board in directing suspension rather than discharge was arbitrary or unjust. We hold the Circuit Court to be in error in having done so in Paragraph 1 of its decree.

The court, in Paragraph 2 of the decree found substantial error or injustice in the

ruling of the Board because it, "failed to consider several of the charges set forth in the formal written 'Statement of Charges' submitted . . . against former employee Edmondson."

We have previously herein described the manner in which "charges" were presented at the hearing before the Board. We find no "formal written statement of charges" in the record as stated by the court. The only written charge is contained in the letter to the appellant, advising him of his discharge for insubordination on June 1, 1970. The letter also referred to his failing to work with harmony with others, but no specific reference as to incidents or occurrences was made. The Board allowed testimony in the hearing of specific occurrences which tended to indicate matters of disharmony on occasions other than that of June 1, 1970. However, such testimony in part consisted of unverified hearsay. This evidence was strenuously objected to by appellant at the time it was offered on the ground that it was not a part of the incident occurring on June 1, 1970 which incident was the cause for discharge.

■ There appears in the record remarks by members of the Board as to their doubt that matters occurring on occasions other than June 1, 1970 should be considered as to the cause for discharge. Such remarks indicated reservations about considering some of the evidence were due to more than one reason. There appeared some doubt in the minds of the Board that evidence of activities of appellant on occasions other than June 1, 1970 could be properly considered by them because such activities were not a part of the charges included in the notice of dismissal. It further appeared that some of the evidence consisted merely of rumors and hearsay. We can understand the questions about such evidence by the Board. However, whether such evidence was properly for the Board's consideration was not considered by the Circuit Court on review. The order of an administrative board is not to be vacated because of receipt of evidence, not admissible under general rules of evidence, so long as there is sufficient legal evidence to sustain the order. However, such illegal evidence will not be considered by the reviewing court in determining if there was "substantial evidence" to support the order of the Board. North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183. It appearing from our review of the record that the evidence as to events other than that of June 1, 1970 was largely hearsay, such evidence should not have been considered by the Circuit Court on review. The Board could not err in failing to consider charges not supported by legal evidence.

■ By its decree, the Circuit Court found from the transcript that some evidence or charges were not considered by the Board. We do not find the record to support such finding in the decree and must hold Paragraph 2 of the decree to be in error. Since this court is reviewing the same record as was reviewed by the court below, we indulge no presumption as to the correctness of the decree of that court. Alabama Electric Cooperative v. Alabama Power Co., supra, Act No. 357, Section 11, supra; Alabama Public Service Commission v. Decatur Transfer & Storage, 257 Ala. 346, 58 So.2d 887.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.