Richard Lynn Guthrie, a permanent employee of the Police Department of the City of Jasper, Alabama, was discharged on March 22, 1974 by the Jasper Chief of Police for "conduct unbecoming to his official position or job." Section 17 of the rules and regulations promulgated by the Jasper Civil Service Board provides that a city employee can be discharged, interalia, for "conduct unbecoming to his or her official position or job."
On March 26, 1974 Guthrie appealed his discharge to the Civil Service Board. After several continuances a hearing was had before the Board on December 5, 1974. The Board sustained Guthrie's discharge and ruled that the discharge was to be effective retroactively to March 22, 1974.
Guthrie appealed the Board's ruling to the Walker County Circuit Court. In its decree that court stated that it was bound by the Board's finding of fact and that after a careful search of the record it found no error of law. Guthrie then filed a motion for new trial, alleging that the charge made against him, i.e. that his conduct was unbecoming to his official position or job, is *Page 374 
unconstitutionally vague and therefore unenforceable, and that the procedure which permits a city department head to discharge an employee without first informing the employee of the charges and affording the employee an opportunity to be heard is violative of due process. The new trial request was denied.
Guthrie appeals to this court from the trial court's affirmance of the Board's decision and the denial of his request for a new trial.
Appellant-Guthrie appears first to be asking us to decide that an off-duty policeman's appearance in public while drinking or intoxicated is not "unbecoming conduct" as a matter of law, for in his brief he refers us to Barney v. City ofAshland, 220 Ky. 657, 295 S.W. 998 (1927), which held that the taking of a drink of intoxicating liquor by a policeman does not, of itself, justify his removal where such conduct is not made a ground for removal by the statute or by the rules and regulations of the police department. In effect Guthrie's argument is that we decide afresh whether his conduct in public by openly drinking beer and being noticeably intoxicated was unbecoming, although the Civil Service Board previously decided that very same question against him.
As we view it, we are precluded from such an examination. Rather the first issue for our consideration is whether there was sufficient evidence presented to the Civil Service Board to support its finding that Guthrie's public drinking and intoxication while off duty in a dry county amounted to conduct unbecoming to his job as a policeman and warranted his discharge.
The City of Jasper operates under a civil service system established by Act No. 113, Acts of Alabama 1965, 1st Sp. Sess., p. 162, which governs the appointment, removal, tenure and official conduct of employees of the city. Section 14 of the act provides:
 "(a) The governing body of the city, any member of the governing body, or the head of any department or office can remove, discharge, or demote any employee . . . provided that within five days a report in writing of such action is made to the Board, giving the reason for such removal, discharge, or demotion. The employee shall have ten days from the time of notification of his discharge, removal, or demotion in which to appeal to the Board. The Board shall thereupon order the charges or complaint to be filed forthwith in writing and shall hold a hearing de novo on such charges. No permanent employee, officer, or official of the city whose employment comes within the jurisdiction of this Act, and whose probationary period has been served, shall be removed, discharged, or demoted except for some personal misconduct, or fact, rendering his further tenure harmful to the public interest, or for some cause affecting or concerning his fitness or ability; and if such removal, discharge or demotion is appealed to the Board, then the same will become final only after a hearing upon written charges or complaint has been had and after an opportunity has been given him to face his accusers and be heard in his own defense. Pending a hearing on said appeal, the affected employee may be suspended; and after such hearing the Board may order said employee reinstated, demoted, removed, discharged, or suspended, or take such other disciplinary action as in their judgment is warranted by the evidence and under the law . . .
 "(b) Any person aggrieved by a decision of the Board may appeal such decision to the circuit court of Walker county in equity within thirty days from the rendition of such decision by the Board. Review by the court shall be without a jury and be confined to the record, and to a determination of the questions of law presented; the Board's findings of fact shall be final and conclusive."
Subsection (b) provides that the findings of fact made by the Civil Service Board are final and conclusive. On appeal the circuit court is limited to a review of the record made before the Board and questions of law presented. Under such *Page 375 
circumstances this court's review is also based on a review of the record made before the Board and we look only to see if its findings are supported by substantial evidence. See City ofMobile v. Personnel Board for Mobile County, 57 Ala. App. 516,329 So.2d 570 (1976); Edmondson v. Tuscaloosa County,48 Ala. App. 372, 377, 265 So.2d 154 (1972).
Furthermore, after a careful reading of subsection (a), we conclude that the legislature intended to give broad quasi-judicial powers to the Jasper Civil Service Board. InEdmondson v. Tuscaloosa County, supra, we reviewed a similar statute and held that where there is substantial evidence to support the discretionary authority of the discharging board, no authority is reposed in the reviewing circuit court to supplant the board's judgment with its own.
In the situation presented by the case at bar, the review by the circuit court is in effect that of certiorari. Grant v.City of Mobile, 50 Ala. App. 684, 282 So.2d 285, cert. den.291 Ala. 458, 282 So.2d 291 (1973). On such review the court is restricted to examining only the external validity of the proceeding. Alabama Electric Cooperative v. Alabama Power Co.,278 Ala. 123, 176 So.2d 483 (1964); Phelps v. Public ServiceCommission, 46 Ala. App. 13, 237 So.2d 499 (1970). We do not believe that we can violate these restrictions any more than could the circuit court in deciding the question presented by appellant. We are, therefore, precluded from deciding whether Guthrie's public conduct was unbecoming. The Board found as a fact that Guthrie's public drinking and intoxication, even though he was off duty and out of uniform at the time, was conduct unbecoming a policeman and tended to foster disrespect for the city police department and law enforcement.
The testimony elicited at the hearing before the Board showed that Guthrie was observed drinking beer and being intoxicated in a public place, in a dry county and in the presence of young people. Not only was Guthrie openly violating a law he was sworn to uphold, but he was also degrading law enforcement by fostering disrespect for the law on the part of the young people who saw him openly violating the law. We cannot say that the evidence presented to the Board does not substantially support its decision to discharge Guthrie as a policeman.
The next question Guthrie asks us to decide is whether he was discharged from the police department on March 22, 1974 or December 5, 1974. Section 14 (a) of Act No. 113, supra, provides that a department head may discharge an employee if within five days of that action a written report is filed with the Civil Service Board stating the reasons for discharge. Guthrie was notified by letter dated March 23, 1974 that as of March 22 he was discharged by the police chief, the appropriate authority under Section 14 (a).
Section 14 (a) further provides that if a permanent employee appeals his or her discharge to the Civil Service Board, the discharge will become final only after a hearing before the Board. The hearing in the present case was not held until December 5, 1974. At that time the Board upheld and sustained Guthrie's discharge by the chief of police as of March 22, 1974. The effect of the Board's action was to make the police chief's discharge the final action. We find such a result to be contrary to the specific statutory directive of Section 14 (a).
Section 14 (a) clearly reflects the legislative intent that the hearing before the Board be a new proceeding, to be conducted as if nothing had occurred prior to the hearing relative to the termination of a city employee's services, for the statute provides that the hearing before the Board is to be "de novo." This portion of the statute also provides that after the hearing the Board may order the employee ". . . reinstated, demoted, removed, discharged, or suspended, or take such other disciplinary action as in their judgment is warranted by the evidence and under the law."
In construing similar language in Edmondson v. TuscaloosaCounty, supra, we said: *Page 376 
 ". . . It is not a question of sustaining the action of the official making the discharge. The hearing before the Board is upon the formal charges made by the discharging authority, but the hearing before the Board is entirely de novo and the Board is free to take such action as in its judgment is warranted by the evidence." 48 Ala. App. at 377, 265 So.2d at 158.
In the present case the Board, after hearing the charges de novo, was, as we said in Edmondson, "free to take such action as in its judgment [was] warranted by the evidence." It discharged Guthrie from the Jasper Police Department. Such discharge, according to Section 14 (a), supra, became final with the Board's action. Absent a contrary intent, words in a statute are to be given the meaning accepted in popular, everyday usage. Republic Steel Corp. v. Horn, 268 Ala. 279,105 So.2d 446 (1958). The Board's decision did not relate back to March 22, 1974, the date the police chief notified Guthrie that he was discharged, but became "final" on December 5, 1974, when it discharged Guthrie as a policeman. Consequently Guthrie, who had not been suspended by the Board from his employment pending the outcome of the appeal, was not finally terminated as a policeman for the City of Jasper until December 5, 1974.
The third issue raised by Guthrie is whether he was entitled to a hearing before being discharged by the chief of police, i.e. does procedural due process require such a hearing prior to discharge.
The long-standing rule in Alabama is that a permanent employee can be summarily discharged without a prior hearing as long as a post-discharge hearing is provided. Simpson v. VanRyzin, 289 Ala. 22, 265 So.2d 569 (1972); Pool v. Williams,280 Ala. 337, 194 So.2d 87 (1967). In the instant case Section 14 (a) of Act No. 113, supra, specifically provides that a permanent employee cannot be finally discharged — if the review procedure is requested by the employee — until a de novo hearing is conducted, the employee given an opportunity to face his accusers and be heard in his own defense, and a board decision made. If an appeal is filed, the discharge by the appointing authority or the authorized supervisory employee merely triggers the review process, and the ultimate decision is made by the Board after the due process hearing has been held. In the case at bar Guthrie had a full-blown due process hearing before his final discharge by the Civil Service Board, all in accordance with the statute and civil service rules. We find no error here.
The next issue raised by Guthrie is whether Section 17 of the rules and regulations promulgated by the Jasper Civil Service Board, which is the basis for his discharge, is so vague as to be unconstitutional. That section provides:
 "Any person subject to the above rules and regulations and under the jurisdiction of the Board found guilty of violating a rule or regulation or of any one of the following offenses, will be subject to repremand [sic], suspension, forfeiture of pay, discharge, or suffer such other lawful punishment as the Board may direct:
. . . . .
 "4. Conduct unbecoming to his or her official position or job."
Guthrie raised the constitutional question for the first time in his motion for a new trial. We are of the opinion that the constitutional question was raised too late for our consideration. Dale v. Dale, 54 Ala. App. 505, 310 So.2d 225
(1975), and cases cited therein.
Guthrie's final issue for decision is whether the police chief's discharge directive had the effect of also suspending him from his job pending appeal to the Civil Service Board and whether he is entitled to receive his salary for the period of time from March 22, 1974 to December 5, 1974.
We note initially that the police chief's order discharging Guthrie would have been final if Guthrie had not appealed to the Civil Service Board. This being so, suspension would have been superfluous. *Page 377 
However Guthrie did appeal his discharge to the Civil Service Board and his termination, in view of this development, could not become final until after hearing by the Board. Where the appeal procedure is invoked, the statute clearly authorizes an employee to be suspended by the Board pending the outcome of his appeal. The record does not reflect that Guthrie was ever suspended pending the outcome of his appeal. We conclude, therefore, that Guthrie remained an employee until December 5, 1974, when he was finally discharged by the civil Service Board. Having been an employee of the City of Jasper from March 22, 1974 until December 5, 1974, Guthrie is entitled to his salary for that period of time.
The judgment of the trial court is affirmed in part, reversed in part and remanded for the entry of an order in conformance with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.