BRADLEY, Judge.
This appeal is the result of a judgment rendered by the Circuit Court of Tuscaloosa County reversing the decision of appellant, Civil Service Board of Tuscaloosa County, to terminate the employment of appellee, Robert Krout.
Robert Krout was employed by Tuscaloosa County as a truck driver for the road and bridge department. On June 14, 1976 Krout was indefinitely suspended from his job by the county engineer. The purported reason for Krout’s dismissal arose from his failure to notify his superintendent that he (Krout) would be unable to report to work due to illness. On the same day a letter was written to Krout advising him of his suspension and stating that the county’s action was based on the fact that Krout had failed to notify his superintendent that he would be unable to report to work on a number of occasions.
Krout subsequently appealed his suspension to the Tuscaloosa County Civil Service Board. A de novo hearing was held by the Board and both parties presented evidence in behalf of their cause. Later the Board notified Krout that it had permanently suspended him from his employment with Tuscaloosa County. In its notice of permanent suspension the Board stated that its action had been taken because Krout had repeatedly failed to comply with county policy requiring him to notify his superintendent that he (Krout) would be unable to report to work despite repeated admonitions that such actions would not be tolerated.
After receiving notice of his dismissal, Krout filed an appeal in the Circuit Court of Tuscaloosa County. On July 11,1977 the circuit court rendered a judgment in favor of him. The court found: (1) that under the terms of a working agreément between the Tuscaloosa county commissioners and the employees of the road and bridge department there was no provision which required a road and bridge employee to notify his superintendent that he (the employee) would be unable to report to work because of illness; (2) that the working agreement provided that the terms of the agreement could be changed only by following the procedures specified in its rules and that in the instance before the court these rules had not been complied with in regard to creating a requirement of notice of absence; and (3) that the employee had received notice that his hearing would concern only his *993 failure to inform his superintendent that he (the employee) would be unable to report to work, but additional charges had been considered at the hearing and as a consequence thereof, the employee was denied notice of, and the opportunity to defend against, these additional charges. Based upon these findings the circuit court ordered Robert Krout to be reinstated as an employee of the road and bridge department with, complete restoration of back pay and benefits. From this judgment the Civil Service Board brings this appeal.
Act No. 357, section 11, Acts of Alabama 1949 provides the standards by which a circuit court shall review a decision by the Tuscaloosa County Civil Service Board. The court’s review is generally confined to a study of the record of the proceedings before the Board. Moreover, section 11 mandates that:
“[T]he court shall affirm the decision of the Board unless it finds that the substantial rights of the petitioner have been prejudiced because the final decision of the Board was: 1) unsupported by substantial evidence in the record submitted; 2) in excess of the authority conferred by this Act on the Board; 3) violative of constitutional provisions; 4) arbitrary or capricious; or 5) affected otherwise by substantial error or injustice.”
Accordingly, the first issue presented for resolution on appeal concerns the Board’s contention that there was substantial evidence presented to the Board that Krout had violated county policy regarding notice of inability to work and therefore the circuit court was in error for reversing the Board’s decision to dismiss him.
In Edmondson v. Tuscaloosa County, 48 Ala.App. 372, 265 So.2d 154 (1972), this court declared that the circuit court had no power to disturb the discretionary actions of the Board unless the record before the circuit court disclosed that the substantial rights of the party seeking review were violated in one or more of the ways specifically stated in section 11.
In the instant case the circuit court determined that the events leading to Krout’s hearing before the Board and the actual proceeding before that body resulted in a violation of Krout’s constitutional rights and infected the hearing with substantial injustice. Indeed, the court specifically found that:
“The employee was charged in his letter of dismissal that he was suspended from work for failure to notify his superintendent when he was unable to report to work. There exists overwhelming evidence beyond the scope of the written charge filed against the employee. The employee had no notice of other matters which were brought against him, and therefore, could not adequately defend himself on matters which were not contained in the written charge filed against him.”
As this portion of the circuit court’s judgment indicates, the decision of the court was not premised on whether the action of the Board was supported by substantial evidence. Instead, the court reversed the Board’s decision to dismiss Krout on the grounds that he did not receive adequate notice of the charges presented against him at the proceeding before the Board. Consequently, our review is limited to an examination of the record in order to determine if the court’s impression that Krout’s constitutional rights were violated and the proceeding before the Board affected by substantial injustice was in error.
The United States Supreme Court has recognized that if rules or statutes so provide, adequate procedural safeguards must be afforded to one who is subjected to disciplinary proceedings which might result in dismissal from employment. Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). And Act No. 357, section 10 provides that an employee is entitled to notice and a hearing before he can be discharged. Likewise, Act No. 357, section 11 states that the circuit court may reverse an action by the Civil Service Board if it is found that •during the hearing “the substantial rights of the petitioner” were “prejudiced because *994 the final decision of the Board was violative of constitutional provisions” or the hearing was “affected otherwise by substantial error or injustice.”
The record reveals that Krout received a letter from the county engineer advising him that he was suspended for failing to notify his superiors that he (Krout) would be unable to report to work. Krout appealed his suspension and prepared his defense to refute charges that on numerous occasions he had violated county policy requiring notice of inability to work. However, at the proceedings before the Tuscaloosa County Civil Service Board, testimony was presented that Krout drank on the job and that on one occasion he could not work because he had been drinking. Krout’s attorney objected to this testimony on the grounds that it was prejudicial and in violation of the constitutional rights of his client. On each occasion when such objections were made by the lawyer who represented Krout they were sustained by the Board’s chairman. Nonetheless, Board members asked questions concerning two letters which Krout had received from the county engineer warning Krout about drinking on the job or coming to work drinking. Objections to these questions were also sustained. Yet the letters were introduced into evidence before the Board and must be presumed to have been considered by the Board in making its decision to permanently suspend Krout from his job. Despite the presentation of evidence regarding Krout’s use of alcohol while in the employment of the county, the Board’s letter dismissing Krout stated that the decision was premised solely on the fact that Krout-had repeatedly failed to advise his superintendent that he (Krout) would be unable to report to work.
Although almost all the evidence adduced in the hearing before the Board concerned Krout’s failure to notify his superiors of his inability to work, there was some testimony and questions interjected into the proceeding which dealt with Krout’s drinking habits. It is clear that Krout had no notice that the proceedings would involve this subject. And even though such testimony was objected to and the objections sustained, the letters to Krout warning him of his drinking habits were introduced into evidence; consequently, the circuit court apparently concluded that Krout did not receive adequate notice that he would be charged with drinking on the job and that the failure to receive such notice prevented him from presenting an adequate defense to this charge. Based on the record before us we are not persuaded that the court erred in reaching such a conclusion. Act No. 357, sections 10 and 11, Acts of Alabama 1949.
The next issue presented for our consideration involves the Board’s assertion that the circuit court erroneously considered a working agreement which existed between the Tuscaloosa County Commission and the employees of the road and bridge department at the time of Krout’s alleged violation of county policy requiring notice of inability to work. This agreement establishes the procedure which must be followed when the rules contained in the working agreement are to be altered, amended or changed. And on the basis of this working agreement the circuit court found:
“1. That according to the working agreement there exists no rule requiring [an] employee to notify his superintendent when he is unable to report to work due to sickness.
“2. . . . There is no evidence that [the procedures provided for in the agreement] were followed in establishing or changing rules requiring [an] employee to notify his superintendent when he was unable to report to work due to sickness.”
The Board contends that the court’s reliance on this agreement was misplaced because the agreement was never approved and adopted by the Tuscaloosa County Civil Service Board. The Board bases its argument on the fact that the county commissioners signed the agreement while employees of the road and bridge department did not. Consequently, the Board argues that without the signatures of the road and bridge employees it cannot be bound by the *995 provisions in the agreement. We find little merit to this contention.
The cover page of the agreement states:
“RULES OP CONDUCT
for
TUSCALOOSA COUNTY EMPLOYEES
As adopted by the
Tuscaloosa County Civil Service Board
WORKING AGREEMENT
between
TUSCALOOSA COUNTY COMMISSION
and
TUSCALOOSA COUNTY ROAD AND BRIDGE DEPARTMENT EMPLOYEES
and approved by the
Tuscaloosa County Civil Service Board
Effective November 4,1974”
Moreover, the employees of the road and bridge department were expected to adhere to the provisions found in the working agreement and rules of conduct. Accordingly, the employees had no reason not to believe that these rules and regulations had been validly adopted by the Tuscaloosa County Civil Service Board. Nor were the road and bridge department employees ever notified by the Board that the working agreement was invalid because it had not been properly adopted. And the testimony of Krout at the proceeding before the Board indicates that he thought that the terms of the working agreement were applicable to all employees of the road and bridge department, including himself.
There was also testimony from others to the effect that these were the only written rules relating to the conduct of the road and bridge employees.
Based on this evidence, we cannot say that the circuit court acted improperly in concluding that the working agreement which existed between the county commissioners and the employees of the road and bridge department was also applicable to the civil service board.
In addition, we are not persuaded that there was insufficient evidence to support the circuit court’s determination that the Board did not follow the proper procedures for changing the rules of the working agreement to require an employee to notify his superintendent when he was unable to report to work due to sickness.
At the hearing Krout stated that he relied on a provision which provided that an employee would receive a copy of rules which were promulgated by the Board or department heads and that upon receipt of these rules the employee would sign an acknowledgment that he had obtained a copy of them. Krout testified that he was never given any rules which required that he notify his superintendent when he (Krout) would be unable to report to work because of illness. This testimony was not disputed. Nor was there any evidence indicating that Krout had signed and returned a receipt demonstrating that he had received a copy of the rules mandating such notice to his superiors.
Furthermore, Krout stated that it was his understanding that notice of rule changes would be posted on the employee bulletin board two weeks prior to their effective date. And Krout was correct in this assertion since the posting of notice of rules and regulations is required under the Rules of Conduct for Tuscaloosa County Employees. However, Krout testified that the rule requiring that he notify his superintendent if he (Krout) was unable to work was never posted in such a manner. This testimony was somewhat contradicted by another county employee who stated that pursuant to the rules of conduct, he had posted on the bulletin board the county’s policy regarding notice of inability to work, although he further testified that he could not remember exactly when he had done so.
Prior to the purported rule change, no rule existed in the working agreement which required an employee to notify his superintendent when he was unable to report to work due to sickness. And as the above described evidence indicates, the circuit court could reasonably conclude that the record which was submitted to it did not contain substantial evidence in support of the Board’s contention that the county *996 had subsequently adopted a rule requiring notice of inability to work and that Krout had received notice of this addition to the rules of the working agreement in the proper manner.
In cases of this nature our review is limited to an examination of the record made before the Civil Service Board. Guthrie v. Civil Service Board, Ala.Civ.App., 342 So.2d 372 (1977). And in reviewing this record we will not uphold the reversal of an action by the Civil Service Board unless the Board’s findings were not supported by substantial evidence; or were in violation of constitutional rights; or were arbitrary or capricious; or were otherwise affected by substantial error or injustice. Act No. 357, section 11, Acts of Alabama 1949. We do not believe that sufficient evidence was presented to support the finding of the Board that Krout had notice of the rule that he was required to inform his superiors that he would be absent from work. The working agreement between the Tuscaloosa County commissioners mandated such notice since no rule formerly existed which required that an employee inform his superiors that he would be unable to work due to sickness.
Likewise, the evidence which was interjected into the proceeding before the Board regarding Krout’s drinking habits violated his constitutional rights and resulted in a substantial injustice since he had no notice that charges of such a nature would be considered at the proceeding. Accordingly, we believe that the judgment of the circuit court reinstating Krout to his status as an employee with the county was not in error. The judgment of the circuit court is therefore affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.