MURDOCK, Judge,
concurring specially.
A policy argument can be made that some degree of deference should be given by a personnel board to a sheriffs decision regarding disciplinary actions against employees of the sheriffs office. Because the legislature has not seen fit to require the Shelby County Law Enforcement Personnel Board (“the LEPB”) to give deference to such decisions by the sheriff of Shelby County, but instead has given it the authority to revisit those decisions on a de novo basis, and because substantial evidence exists to support the LEPB’s decision in the case now before us, I am compelled to concur in the main opinion.
I also write separately to record my disagreement with Judge Thompson’s conclusion in his special writing that the severity of the employee’s discipline was not within the purview of the circuit court because Act No. 79-524, Ala. Acts 1979, as amended by Act No. 2003-265, Ala. Acts 2003, confínes that court’s review to “ ‘questions of law.’ ” 961 So.2d at 165 (Thompson, J., concurring in the result). As a general rule, the very nature of a court acting in an appellate capacity is that its authority is always limited to “questions of law.”[2] Generally, “[t]he role of appellate courts is limited to deciding questions of law.” Hinds v. Hinds, 887 So.2d 267, 272 n. 2 (Ala.Civ.App.2003).[3] Whether the lower tribunal applied the correct legal standard is a question of law. Equally so is the question whether the *163 lower tribunal abused its discretion in making' its factual findings. If the court acting in an appellate capacity determines that the record does not contain substantial evidence tending to prove a given fact (i.e., evidence from which the lower tribunal reasonably could have found that fact to be true), then it is as a matter of law that the factual finding cannot be upheld. “ ‘[AJppellate courts ... review the factfin-der’s determination of facts only to the extent of determining whether it is sufficiently supported by the evidence, that question being one of law.’ ” Hinds v. Hinds, 887 So.2d at 272 n. 2 (quoting Curtis White Constr. Co. v. Butts & Billingsley Constr. Co., 473 So.2d 1040, 1041 (Ala.1985)). Likewise, when a court takes up the question whether a lower tribunal’s factual findings are against the great weight of the evidence, it is determining whether, as a matter of law, those factual findings can be upheld.
The same is true of appellate review of a discipline, penalty, or punishment imposed by a lower tribunal. It is within the purview of a court acting in an appellate capacity to determine whether the lower tribunal abused its discretion in imposing a discipline or punishment, and whether the lower tribunal acted outside its discretion in doing so is no less a question of law than whether it acted outside its discretion in its fact-finding. Cf. Ex parte Alabama Board of Nursing, 835 So.2d 1010, 1013 (Ala.2001) (upholding a decision by the Alabama Board of Nursing as to an appropriate discipline on the grounds that the choice of discipline “was supported by substantial evidence [and] ... was reasonable”); id. at 1016 (Harwood, J., concurring specially) (explaining that the Alabama Board of Nursing’s decision as to the appropriate discipline was entitled to judicial affirmance based on its consideration of whether the Board’s decision was “clearly erroneous or unreasonable, arbitrary, or capricious, or was characterized by an abuse of discretion or was a clearly unwarranted exercise of discretion”); and Eley v. Medical Licensure Comm’n of Alabama, 904 So.2d 269, 287 (Ala.Civ.App.2003) (holding that judicial review of the Medical Licensure Commission’s choice of an appropriate sanction may consider whether that sanction was “excessive and disproportionate to the wrong ... committed” and reviewing decisions from other states to like effect).
I do not read the opinion of this court in Grant v. City of Mobile, 50 Ala.App. 684, 282 So.2d 285 (1973), or in the other cases cited by Judge Thompson, as foreclosing a reversal by a circuit court of a disciplinary decision by a personnel board when that decision constitutes an abüse of discretion and therefore can be said to be erroneous as a matter of law. The statute construed in Grant expressly provided that “ ‘if upon ... appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same.’ ” 50 Ala.App. at 689, 282 So.2d at 289 (emphasis added). By its terms, therefore, the statute at issue in that case expressly provided for review not just of factual decisions by the personnel board, but also of the personnel board’s “ruling, order or action” for “unlawful[ness] or unreasonableness]. ”
A portion of the Grant opinion quoted in Judge Thompson’s special writing states that
“the discretionary actions of the Board, to wit, the extent or severity of the punishment, are not to be disturbed by the circuit court on review, but if the findings of fact are supported by substantial evidence, such findings shall be upheld. and the conclusions or order from such findings shall be upheld un *164 less unlawful or unreasonable within the meaning of the act. ”
50 Ala.App. at 689, 282 So.2d at 289 (emphasis added). I read the first clause of this passage (“the discretionary actions of the Board ... are not to be disturbed by the circuit court on review”), particularly when read in context with the latter, emphasized clause, as merely a loose restatement of the general principle that a court acting in an appellate capacity may not substitute its judgment for that of the lower tribunal as to matters assigned to the discretion of the lower tribunal. In other words, I do not read this passage as meaning anything more than what the Grant court said in its very next statement: “Under Act No. 470, Local Acts of Alabama 1989, this circuit court should not make a determination of the wisdom and propriety of the action of the Board,” 50 Ala.App. at 689, 282 So.2d at 289, or what the Grant court subsequently noted in an effort to explain its opinion: “ ‘It is not within the power of the court reviewing the record to supplant the judgment of the Board with its own as to the extent or severity of the punishment.’ ” Grant, 50 Ala.App. at 690, 282 So.2d at 290 (quoting Edmondson v. Tuscaloosa County, 48 Ala.App. 372, 377, 265 So.2d 154, 159 (Civ.1972)).[4]
The Grant court continued its analysis with statements that further corroborate the notion that a circuit court, acting in an appellate capacity, does not act beyond its authority by assessing whether a personnel board’s disciplinary decision was unwarranted or unreasonable. First, the Grant court examined whether the evidence supported certain factual findings upon which the personnel board had made its decision as to the punishment to be imposed in that case; it concluded that some of those findings were supported by the evidence and that others were not. Grant, 50 Ala.App. at 690, 282 So.2d at 290. Then, on the strength of those findings that it deemed to be supported by sufficient evidence, the court asked:
“Was the reduction of the penalty imposed unwarranted or unreasonable under the law as the circuit court so found? We think not.
[[Image here]]
“... If [the Board’s] discretionary judgment is supported by substantial evidence, there is no authority in the circuit court upon review to supplant such judgment with its own.
“Here, as seen from above, there is substantial evidence upon which the Board may be warranted in modifying or altering the penalty imposed by the appointing authority.
“As our Presiding Judge Wright stated in Edmondson v. Tuscaloosa County, [48 Ala.App. 372, 265 So.2d 154 (Aa.Civ.App.1972) ]:
“ ‘It is not within the power of the court reviewing the record to supplant the judgment of the Board with its own as to the extent or severity of the punishment.’ [48 Ala.App. at 377, 265 So.2d at 159.]
“In this instance, it appears the court has done just that, and the conclusion that the Board’s order was unwarranted is not correct.”
Grant, 50 Ala.App. at 690, 282 So.2d at 290.
It was the circuit court’s function in the present case to ask the same question that *165 the Grant court asked: “Was the reduction of the penalty imposed unwarranted or unreasonable?” Just as in Grant, I believe there was “substantial evidence upon which the [LEPB was] warranted in modifying or altering the penalty imposed by the [hiring] authority” and that it cannot be said as a matter of law that the LEPB’s “reduction of the penalty [was] unwarranted or unreasonable.”

. This would not be the case, of course, when the law authorizes a de novo or other specialized review of a lower tribunal's decision. That is not the case here.

. Deciding questions of law is " 'the very essence of the appellate court's role.’ ” Kathleen L. Coles, Mixed Up Questions of Fact and Law: Illinois Standards of Appellate Review in Civil Cases Following the 1997 Amendment to Supreme Court Rule 341, 28 S. III. U.LJ. 13, 19 (Fall 2003) (quoting Patrick W. Brennan, Standards of Appellate Review, 33 Def. L.J. 377, 407 (1984)).

. Judge Thompson also quotes City of Mobile v. Robertson, 897 So.2d 1156, 1159 (Ala.Civ.App.2004), as stating that "[t]he trial court is not permitted to judge the wisdom of the decision of the Board.” That statement has no different import, however, than do the statements from Grant last-quoted in the text.