Rel: November 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

————————————————

## CR-2023-0426

————————————————

## Alabama Department of Corrections

## v.

## Joshua Lashawn Booth

## Appeal from Bibb Circuit Court
## (CV-22-900034)

On Remand from the Alabama Supreme Court

COLE, Judge.

The Alabama Department of Corrections ("ADOC") appeals the Bibb Circuit Court's judgment granting Joshua Lashawn Booth's request for relief, which he styled as an "Application for a Writ of Habeas Corpus."

In his request for relief, Booth alleged that the ADOC had refused to grant him correctional incentive time on the 15-year sentence imposed for his 2018 possession-of-obscene-matter conviction, a violation of § 13A-12-192(b), Ala. Code 1975.[1]  Booth argued that, although § 14-9-41(e), Ala. Code 1975, bars a person who "has been convicted of a sex offense involving a child as defined in Section 15-20A-4(26)[, Ala. Code 1975,]" from receiving correctional incentive time, § 14-9-41(e) does not apply to convictions for possession of obscene matter because the possession-of-obscene-matter statute "refers to a person under the age of 17, not under 12."[2]  (C. 13.)  The focus of Booth's argument to the circuit court, and to this Court, is that the definition of a "child" provided in § 15-20A-4(2), which is a "person who has not attained the age of 12," should have been

_____

[1]Section 13A-12-192(b), Ala. Code 1975, has been amended since Booth's 2018 conviction.  Any reference in this opinion to § 13A-12-192(b) is to the version of the statute in effect at the time of Booth's conviction.

[2]Section 14-9-41(e), Ala. Code 1975, has been amended since Booth's 2018 conviction.  Section 14-9-41(e)(1)d. currently states that "[n]o prisoner may receive correctional incentive time" if "[h]e or she has been convicted of a sex offense involving a child as defined in § 15-20A-4[, Ala. Code 1975]."  As the State notes, the "only substantive difference between the two versions is the removal of the citation to subsection (26), now codified as subsection (27)."  (State's brief, p. 21.)  As the parties do in their briefs, this Court references the versions of the statutes that were in effect at the time of Booth's convictions.

2

applied by the ADOC in determining whether he should receive correctional incentive time pursuant to § 14-9-41(e). Booth argues that applying the bar to receiving correctional incentive time to offenses involving only victims under the age of 12 would preclude the ADOC from denying his request for correctional incentive time for his conviction of possession of obscene matter involving an individual under the age of 17. The ADOC moved to dismiss Booth's request for relief and asserted that Booth was not eligible for correctional incentive time because individuals serving prison sentences for offenses against a "child" and for offenses involving "child pornography," including pornography involving children under 17 years of age, are ineligible for correctional incentive time. The circuit court denied the ADOC's motion to dismiss Booth's request for relief and held that, "[b]ecause Ala. Code § 13A-12-192(b) refers to persons under the age of 17, not under 12, Ala. Code § 14-9-41(e) did not and does not bar a person convicted of possession of obscene material under Ala. Code § 13A-12-192(b) from the benefit of incentive good time." (C. 175.) Thereafter, Booth moved for a summary judgment, and the circuit court granted Booth's motion and directed the circuit clerk "to provide an updated transcript to the [ADOC] directing [it] to calculate

3

the correctional incentive 'good' time as due to Applicant Booth within 14 days" of the entry of the circuit court's order. (C. 195.) The ADOC appealed the circuit court's summary judgment within 42 days of the circuit court's order granting Booth's motion for summary judgment.

Upon original submission, this Court held that, in substance, the request for relief that Booth had filed was a petition for a writ of certiorari that should have been filed in the Montgomery Circuit Court, not the Bibb Circuit Court. See Alabama Dep't of Corr. v. Booth, [Ms. CR-2023-0426, Feb. 9, 2024] ___ So. 3d ___ (Ala. Crim. App. 2024). Thus, we reversed the summary judgment and remanded the case with instructions for the Bibb Circuit Court to transfer the case to the Montgomery Circuit Court. ___ So. 3d at ___. Booth then filed a petition for a writ of certiorari with the Alabama Supreme Court. Our Supreme Court determined that Booth's request for relief had been correctly treated as a petition for a writ of certiorari by the circuit court and by this Court but that the forum in which the petition had been filed, albeit the incorrect forum, was a matter of "venue, not jurisdiction." Ex parte Booth, [Ms. SC-2024-0259, Dec. 6, 2024] ___ So. 3d ___, ___ (Ala. 2024). Our Alabama Supreme Court held that "a challenge to improper venue is

4

waivable if not timely raised." Id. at ___. Noting that the ADOC had not objected to the improper venue in the circuit court, the Alabama Supreme Court held that the ADOC had waived the issue regarding improper venue and that a remand to transfer the case to the Montgomery Circuit Court was not required. Therefore, the Alabama Supreme Court reversed this Court's decision and remanded this case for further consideration. In accordance with the instructions of the Alabama Supreme Court, this Court will now consider the merits of the ADOC's appeal of the circuit court's judgment.

Because Booth's petition challenging the ADOC's refusal to grant him correctional incentive time should be treated as a petition for a writ of certiorari, the standard of review for the petition is as follows:

> "'On petition for writ of certiorari the circuit court is, as is the appellate court, limited in its review of quasi-judicial acts of administrative officers and boards. The limited function of that review is to determine whether the act in question was supported by any substantial evidence, or whether findings and conclusions are contrary to uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense. Sanders v. Broadwater, 402 So. 2d 1035 (Ala. Civ. App. 1981). Judicial review of administrative acts and decisions is limited in scope, and ordinarily the courts will only pass on the question of whether the administrative agency

5

has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary. Little Caesar's, Inc. v. Alabama Alcoholic Beverage Control Bd., 386 So. 2d 224 (Ala. Civ. App. 1979).

"'A court may not set aside an order of a fact-finding administrative body, acting within the field of its designated powers, unless the order is illegal, capricious, or unsupported by substantial evidence. Little Caesar's, Inc. v. Alabama Alcoholic Beverage Control Bd., supra; Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 176 So. 2d 483 (1965); 73 C.J.S. Public Administrative Bodies and Procedure, § 202 et seq. (1951). "Substantial evidence" means legal evidence. Little Caesar's, Inc. v. Alabama Alcoholic Beverage Control Bd., supra; Eagle Motor Lines, Inc. v. Alabama Public Service Commission, 343 So. 2d 767 (Ala. 1977). The order of an administrative board is not to be vacated because of receipt of evidence not admissible under general rules of evidence, so long as there is sufficient legal evidence to sustain the order. However, such illegal evidence will not be considered by the reviewing court in determining if there was substantial evidence to support the order of the Board. Edmondson v. Tuscaloosa County, [48 Ala. App. 372,] 265 So. 2d 154 (Ala. Civ. App. 1972).'

"Ellard v. State, 474 So. 2d 743, 750 (Ala. Crim. App. 1984), aff'd, 474 So. 2d 758 (Ala. 1985)."

Austin v. Alabama Dep't of Corr., 975 So. 2d 398, 403 (Ala. Crim. App. 2007).

Section 14-9-41(e), which the parties agree is the applicable statute to determine whether Booth is precluded from receiving correctional incentive time, states that "[n]o person may receive the benefits of correctional incentive time if he or she has been convicted of a sex offense involving a child as defined in Section 15-20A-4(26)." See note 2, supra. A "sex offense involving a child," as defined in § 15-20A-4(26), Ala. Code 1975, is "[a] conviction for any sex offense in which the victim was a child or any offense involving child pornography."[3] (Emphasis added.) As the circuit court noted, § 15-20A-4(2) defines a "child" as "[a] person who has not attained the age of 12."

In 2018, Booth pleaded guilty to possession of obscene matter containing a visual depiction of persons under 17 years of age involved in obscene acts, a violation of § 13A-12-192(b). A conviction under § 13A-12-192 is a conviction for a sex offense involving child pornography, which is a "sex offense involving a child" as defined in § 15-20A-4(26). See J.F.C. v. State, 293 So. 3d 987, 991 (Ala. Crim. App. 2019) (holding, similarly, that a conviction for production of obscene matter containing a

---

[3]In 2017, § 15-20A-4, Ala. Code 1975, was amended, and the definition of "sex offense involving a child," although otherwise unchanged, was moved from subsection (26) to subsection (27).

visual depiction of persons under 17 years of age involved in obscene acts under § 13A-12-197, Ala. Code 1975, is a sex offense involving child pornography and "is, by definition, a 'sex offense involving a child' as that term was defined in § 15-20A-4(2[6])").  Accordingly, under § 14-9-41(e) and 15-20A-4(26), Booth is not eligible for correctional incentive time, and the circuit court erred in granting Booth's petition and in denying the ADOC's motion to dismiss Booth's petition.

Furthermore, all three appellate courts of Alabama have recognized that violations of § 13A-12-190 et seq., Ala. Code 1975, including violations of § 13A-12-192, which Booth was convicted of, are violations of the "Alabama Child Pornography Act."  As this Court noted in Poole v. State, 596 So. 2d 632, 637-38 (Ala. Crim. App. 1992),

> "[i]n 1978, … the Alabama Legislature passed the child pornography act.  Act No. 592, 1978 Ala. Acts 705 (codified at Ala. Code 1975, §§ 13A-12-190 through 13A-12-198 (1982 Replacement Vol.)).  Among other things, this act made it illegal to knowingly produce by any means 'obscene matter displaying or depicting in any way a person under the age of 17 years engaged in or involved in any way in an obscene act' involving specified sexual conduct."

(Emphasis altered).  See also S.B. v. Saint James Sch., 959 So. 2d 72, 84 (Ala. 2006) (noting that "[b]ecause the students were 14 years old when the photographs were taken, the photographs, which contain full frontal

8

nudity and/or lewd poses, constitute child pornography under the Alabama Child Pornography Act, § 13A-12-190 et seq., Ala. Code 1975" (overruled on other grounds, as recognized in Flickinger v. King, 385 So. 3d 504, 517 (Ala. 2023))) and Hayes v. Hayes, 949 So. 2d 150, 155, n.1 (Ala. Civ. App. 2006) ("In Alabama, the only statute under which possession of obscene material may be punished as a felony offense is § 13A-12-192(b), Ala. Code 1975, a portion of the Alabama Child Pornography Act.").  In recognizing the need to protect children below the age of 17 from the evils of child pornography, this Court has also explained that,

> "[i]n 1984, … the Legislature amended the child pornography act, codified at §§ 13A-12-190 through -197, to 'further define and prohibit child pornography and to further provide for the trial of cases involved in it.'  Act No. 84-285, 1984 Ala. Acts; see also Poole v. State, 596 So. 2d 632 (Ala. Crim. App. 1992). It is evident that the Legislature, recognizing the need to protect innocent children from the dangers of child pornography, enacted broad legislation prohibiting the visual depictions of children involved in any type of sexual act."

Rutledge v. State, 745 So. 2d 912,  916 (Ala. Crim. App. 1999) (emphasis added).  The designation by the Alabama Legislature and the Alabama appellate courts of the possession of lewd photographs of minors below the age of 17 in violation of § 13A-12-192, the crime committed by Booth,

9

as "child pornography" is equally applicable in this Court's determination that the legislative prohibition against the granting of correctional incentive time for "any offense involving child pornography" includes all child pornography, not just pornography involving children under the age of 12.

Finally, even if Booth was eligible to receive correctional incentive time, § 14-9-41(a) states that, under certain circumstances, an individual who is not excluded from receiving correctional incentive time "may earn a deduction from the term of his or her sentence" under certain circumstances. Therefore, the granting of correctional incentive time under § 14-9-41 is discretionary. "The opportunity to earn 'good time' is a privilege, not a right, in Alabama." Coslett v. State, 697 So. 2d 61, 64 (Ala. Crim. App. 1997). "'"When [a] statute is framed in discretionary terms there is not a liberty interest created."'" Gullet v. State, 613 So. 2d 400, 401 (Ala. Crim. App. 1992) (quoting Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir. 1991), quoting in turn Thomas v. Sellers, 691 F.2d 487, 489 (11th Cir. 1982)). See also Sandin v. Conner, 515 U.S. 472, 486 (1995). Accordingly, the ADOC was authorized to deny Booth's request for correctional incentive time.

Conclusion

Because the circuit court erred in determining that Booth, who had been convicted of possession of obscene matter containing a visual depiction of persons under 17 years of age engaged in sexual conduct, was eligible for correctional incentive time, and because the ADOC's decision to grant correctional incentive time to an eligible prisoner is discretionary, the judgment of the circuit court is reversed, and this case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Minor, and Anderson, JJ., concur.